F I L E D
Clerk
District Court
APR 16 2019
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JESSE JAMES BABAUTA CAMACHO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VINCENT ATTAO, *et al.*, in their personal capacities,<br><br>　　　　Defendants. | Case No.: 18-cv-00008<br><br>**SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT** |

## I.　INTRODUCTION

Plaintiff Jesse James Babauta Camacho is a prisoner in the Commonwealth of the Northern Mariana Islands ("Commonwealth" or "CNMI"). He is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 against the CNMI Department of Corrections (DOC) and eleven DOC employees for violating the Eighth Amendment by denying and interfering with his access to serious medical care. On January 31, 2019, the Court substituted the Commonwealth for the DOC and dismissed the claims against the Commonwealth, the official capacity defendants, and personal capacity defendants. (Order, ECF No. 47.) However, the Court granted Plaintiff Camacho limited leave to amend his complaint by March 1, 2019, as to seven personal capacity defendants for deliberate indifference to his serious medical condition after his heart attack was diagnosed on September 1, 2017. (*Id.* at 14.) Camacho subsequently filed three letters with the Court dated February 5, 12, and March 6, 2019, which this Court has reviewed together as his second amended complaint. For the reasons set forth below, Plaintiff's second amended complaint is dismissed on screening for failure to

state a claim on which relief can be granted.

## II.    SCREENING

The court is required to screen complaints brought in civil actions by prisoners filing in forma pauperis or seeking redress from governmental entities, officers, or employees. 28 U.S.C. §§ 1915(e)(2), 1915A(a). If, after screening, the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, it must dismiss the complaint. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

A complaint fails to state a claim if it lacks a cognizable legal theory or does not allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). As a baseline requirement, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not need to include detailed allegations, but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While it need not be detailed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even under the heightened *Twombly/Iqbal* pleading standard, the "'obligation' remains, 'where the

2

petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). However, the court "will not supply elements that are not present in a pro se plaintiff's complaint." *Ross v. Williams*, 896 F.3d 958, 969 (9th Cir. 2018).

### III.  BACKGROUND

Camacho's original complaint relates to the events surrounding his heart attack and subsequent treatment, beginning with the onset of his symptoms on August 30, 2017. (*See* Letter, ECF No. 1 at 1; ECF No. 4-1 at 4; Mar. 6 Letter at 1.) The Court construed his letter as a civil rights complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs as a prisoner in violation of the Eighth Amendment. (Order to Amend Complaint at 1, ECF No. 2.) The Court ordered Camacho to amend his complaint to name the defendants. (*Id.* at 2.) Camacho filed his first amended complaint (ECF No. 4), and Defendants filed motions to dismiss for failure to state a claim (ECF No. 36, 37).

On January 31, 2019, the Court granted the official capacity Defendants motion to dismiss in full and granted the personal capacity Defendants in part. (ECF No. 47 at 13–14.) It dismissed the Commonwealth and all official capacity defendants because Camacho is only seeking damages and it is well established that "neither the CNMI nor its officers acting in their official capacity can be sued under § 1983." *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)). As to the claims against the defendants in their personal capacity, the Court held that Camacho had failed to state a claim for deliberate indifference for actions taken prior to September 1 because Defendants lacked subjective awareness of his serious

medical need. However, because the Court found that Camacho might be able to state a claim for deliberate indifference for Defendants' actions taken after his heart attack was diagnosed, it granted him limited leave to amend to his complaint with a brief explanation of the deficiencies of his complaint. (ECF No. 47 at 12.) Camacho subsequently filed three letters with the Court (Feb. 5 letter; Feb. 12 letter; Mar. 6 letter). These letters largely restate the claims made in Camacho's first amended complaint. The Court will address only those claims Camacho was granted leave to amend.

### IV. ANALYSIS

The government has an obligation under the Eighth Amendment to provide medical care to the individuals it is incarcerating. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, not every prisoner claim of inadequate medical treatment will reach the level of constitutional violation. *Id.* at 105–06. Only those claims that rise to the level of "deliberate indifference to the serious medical needs of prisoners" violate the Eighth Amendment. *Id.* at 104. There are two components of deliberate indifference. First, the plaintiff must have a serious medical need, such that "failure to treat the injury or condition 'could result in further significant injury' or cause 'the unnecessary and wanton infliction of pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Second, the prison official must be deliberately indifferent to that serious medical need, meaning that official "knows of and disregards an excessive risk to inmate health and safety." *Id.* (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). The Ninth Circuit has held that this second prong "requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell*, 763 F.3d at 1066 (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). However, delay in treatment or interference with treatment alone does not reach the level of deliberate indifference, unless it was also harmful. *Wilhelm*, 680 F.3d at 1122. This Court instructed Camacho that he needed to demonstrate substantial harm, pursuant to *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). (ECF No. 47 at 12.) However, the *Wood* panel was divided on the Eighth Amendment question. *Id.* at 1336 (Hug, J., concurring) (Reinhardt, J. dissenting). The Ninth Circuit subsequently rejected the substantial harm test. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) ("a finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary."); *see also Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096. Nevertheless, some Ninth Circuit panels have continued to apply the substantial harm test from *Wood*. *E.g., Edwards v. High Desert State Prison*, 615 Fed. Appx. 457 (9th Cir. 2015) (unpublished); *Grandberry v. Pickett*, 232 F.3d 894, 894 n.3 (9th Cir. 2000) (unpublished table decision); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994). However, even applying the less demanding test, there still must be *some* harm caused by the indifference to state a claim for an Eighth Amendment violation. Therefore, the Court will examine Camacho's pleadings for any allegations of harm for those claims it granted him leave to amend.

First, the Court looks at Camacho's allegations against Director Georgia M. Cabrera. He states that she interfered with his medical referral for off-island treatment. (Feb. 5 Letter at 2.) Specifically, Cabrera told Camacho's doctor at CHCC that Camacho could not go to the Philippines to see a heart

5

specialist because there is no U.S. prison there. (Mar. 6 Letter at 4.) Camacho undoubtedly had an objectively serious medical need that Cabrera was subjectively aware of when she told his doctor that he could not travel to the Philippines for treatment. However, Camacho has not alleged any harm caused by that interference or by the decision to send him to Guam and Los Angeles for treatment instead of the Philippines.

Next, Camacho states that Medical Officer Nina Aldan failed to make a follow-up appointment for him at the FCC after he was discharged from the hospital in Saipan, and told him that he could not go off-island for treatment. (Mar. 6 Letter at 5.) Aldan was subjectively aware of Camacho's serious medical need and her refusal to make his follow-up appointment was plausibly a purposeful failure to respond to his medical needs. However, Camacho failed to make any allegation that this interference caused him harm.

The remaining allegations are against Defendants Attao, Pangelinan, Yaroitemal, Quitano, Billy,[1] and Santos for ignoring his complaints and grievances. Inmates do not have a constitutional entitlement to a specific prison grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). "In applying this principle, courts have held that there is no due process liability for failing to process or decide an inmate appeal properly." *Henderson v. Muniz*, 196 F. Supp. 3d 1092, 1104 (N.D. Cal. 2016) (citing *Ramirez*, 334 F.3d at 860). "However, where a grievance puts a prison official on notice of an ongoing violation,

---

[1] Defendant Frederick Billy was dismissed from the case on January 31, 2019, because all of the allegations against him were related to events occurring before Camacho's heart attack was diagnosed. (*See* Order at 14, ECF No. 47.) In his February 7, 2019 letter, Camacho asserted a claim against Billy for failure to investigate. That claim is dismissed because Defendant Billy is no longer a defendant in this matter.

the prison official's knowing failure to respond to an inmate's request for help may establish § 1983 liability." *Id.* Here, Camacho has not alleged that Defendants' conduct related to his complaints had any impact on his medical treatment at all.

Camacho's pleadings do contain some allegations of harm. He states that he has a large ugly scar on his chest and he gets depressed when he sees it. (Feb. 5 Letter at 1.) Also, his chest aches when it gets too cold. (*Id*.) However, these are harms that he suffered because he had a heart attack and had bypass surgery – a surgery that he chose from at least two treatment options. (ECF No. 1 at 4.) Camacho has failed to explain how Defendants' actions *after* he was diagnosed on September 1 caused these harms or any other harm. To state a deliberate indifference claim based on delay in treatment or interference with treatment, Plaintiff must allege that the delay or interference was harmful. Camacho has not alleged harm caused by any action taken by Defendants after September 1, and this Court cannot supply that missing element.

Camacho restates his claim for medical malpractice against the unnamed doctor who saw him on August 30, 2017 and, without running any tests, misdiagnosed him with anxiety. (Feb. 12 Letter at 1.) The Court reminds him that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Camacho may have a medical malpractice claim that is actionable in CNMI Superior Court, but he does not have an Eighth Amendment claim against that doctor.

## V. CONCLUSION

For the reasons stated above, the Court finds that Camacho has not stated a claim against Defendants for deliberate indifference under the Eighth Amendment. Accordingly, his complaint is

DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. §§ 1915(e)(2). Clerk is instructed to close the case.

IT IS SO ORDERED on this 16th day of April, 2019.

RAMONA V. MANGLONA
Chief Judge